**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **GWENDOLYN E. LONG,** | : |
| | : Case No. 2:19-cv-4247 |
| **Plaintiff,** | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : Magistrate Judge Chelsey M. Vascura |
| **COMMISSIONER OF** | : |
| **SOCIAL SECURITY,** | : |
| | : |
| **Defendant.** | |

## OPINION & ORDER

This matter comes before this Court on the Magistrate Judge's April 13, 2020, Report and Recommendation (ECF No. 14), which recommends that Plaintiff's Statement of Errors (ECF No. 11) be overruled and that the Commissioner's decision be affirmed. Plaintiff filed an Objection to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b). (ECF No. 15). For the reasons set forth below, this Court **ADOPTS** the Magistrate's Report and Recommendation.

### I.  BACKGROUND

On July 24, 2019, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff, Gwendolyn E. Long, was not disabled within the meaning of the Social Security Act based on the required five-step sequential analysis.[1]  (ECF No. 8-2 at 2).

---

[1] Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five step sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

At the first step, the ALJ found that Plaintiff had not engaged in substantially gainful activity since February 17, 2009, the alleged onset date of Plaintiff's disability. (ECF No. 8-2 at 22). At step two, the ALJ found that Plaintiff suffered from fibromyalgia, obesity, degenerative disc disease of the lumbar spine, and arthritis of the hips. (*Id.*). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments as described in 20 C.F.R. § 404, subpart P, Appendix 1. (*Id.* at 23). At step four, the ALJ determined that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) as she could "climb ramps, stairs, and occasionally stoop, kneel, crouch, and crawl, but [could not] climb ladders, ropes, or scaffolds." (*Id.* at 24).

In reviewing her residual functional capacity, the ALJ considered the evidence and assigned great weight to the opinion of state agency medical consultants Uma Gupta, M.D., and Edmond Gardner, M.D., because they were most consistent with the overall record. (*Id.* at 27).

---

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 404.1520(a)(4).

The ALJ found that the opinions of Plaintiff's treating physicians, Charles J. Kistler, D.O. and Kevin V. Hackshaw, M.D. were not supported by "medically-acceptable clinical and laboratory techniques and [were] inconsistent with the other substantial evidence in the case record." (*Id.* at 24).

At the fifth step, the ALJ found that Plaintiff was not capable of performing past relevant work as a mail handler and material handler. (*Id.* at 29). Relying on the Vocational Expert's testimony, the ALJ found that there are a significant number of jobs in the national economy for individuals with Plaintiff's age, education, work experience, and residual functional capacity. (*Id.* at 31). The ALJ pointed to positions as an office mail clerk, office helper, and warehouse checker. (*Id.*). The ALJ concluded that Plaintiff was able to adjust to such jobs. In light of the five factors, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.*).

The Plaintiff alleged three errors by the ALJ: (1) the ALJ failed to properly weigh the opinions of her treating physicians; (2) the ALJ improperly considered Plaintiff's fibromyalgia; and (3) the ALJ determined Plaintiff's residual functional capacity without substantial evidence. (*See* ECF No. 11; ECF No. 14 at 2). The Magistrate denied each of the claimed errors in her April 13, 2020 Report and Recommendation. (ECF No. 14 at 2).

On April 27, 2020, Plaintiff filed an Objection to the Report and Recommendation requesting this Court to review Plaintiff's Statement of Specific Errors. (ECF No. 15 at 2). Plaintiff specifically objected only to one issue, that "the ALJ failed to properly consider the impact of Ms. Long's fibromyalgia." (*Id.*).

## II.  STANDARD OF REVIEW

Upon objection to a Magistrate Judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or

3

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Early v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)). A reviewing court has "power to enter, upon pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 505(g).

### III.   LAW & ANALYSIS

Plaintiff requested this Court to review the entirety of her Statement of Errors. (ECF No. 15 at 2). This Court, however, reviews only the portions of the Magistrate's Review and Recommendation to which a party specifically objects. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Further, an argument that is only mentioned as a possible argument is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (stating it is not the court's position to review a "skeletal" argument and "put flesh on its bones."). Thus, this Court declines to conduct a broad review of the Statement of Errors and limits its review to the matters to which Plaintiff specifically objected.

Plaintiff filed one objection, arguing that "[t]he ALJ failed to properly consider Ms. Long's fibromyalgia." (ECF No. 15 at 2). She argues that the ALJ's findings were inconsistent because he found that Plaintiff suffered from fibromyalgia in step two, but still discredited Plaintiff and her treating doctors regarding her residual functional capacity.  (ECF No. 15 at 3). Plaintiff states the ALJ impermissibly discredited her treating physicians because he wrongly believed the doctors' treatment plan of exercise and stretching was conservative and therefore inconsistent with the diagnoses. (*Id.*).  Plaintiff states that because fibromyalgia does not have a cure, what appears to be a conservative medical approach of exercise and stretching is the exact treatment that combats fibromyalgia. (*Id.* at 4).

This Court finds the ALJ properly weighed the opinions of Plaintiff's treating physicians. A treating physician's opinion can be disregarded if it lacks medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 404.1527(d)(2).  If the opinion is not given controlling weight the ALJ will consider the following factors in determining how much weight to give the treating doctor's opinion: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Id.* !!

Here, the ALJ did not give the treating physicians' opinions controlling weight as he determined the opinions were not supported by sufficient medically acceptable clinical and laboratory diagnostic evidence and were at odds with substantial evidence in the record. First, the ALJ noted the treating physician's opinions were rendered for a workers' compensation claim and are therefore not binding on the ALJ. (ECF No. 8-2 at 27). *See* 20 C.F.R. § 404.1504.

Second, Dr. Kistler's opinions were unsupported because of his sparse treatment records. (ECF No. 8-2 at 27). *See* 20 C.F.R. § 404.1527(c)(3) (discussing the importance for supporting evidence in determining how much weight to give an opinion). Third, Dr. Hackshaw delivered an opinion as to Plaintiff's mental abilities, which is outside his specialty. (ECF No. 8-2 at 27). See  20 C.F.R. § 404.1527(d)(5).  Further, Dr. Hackshaw's notes are inconsistent as his exam revealed Plaintiff suffered from 11 tender points but had a normal gait without muscular atrophy as would be expected from the exam results. (ECF No. 8-2 at 28).  Fourth, both opinions conflict with the USPS Office of Inspector General (OIG) report where the investigator saw Plaintiff driving, carrying and lifting grocery bags, and repeatedly bending down to pick up items on the ground. (*Id.*).  *See* 20 C.F.R. § 404.1527(c)(4) (stating an opinion's weight is impacted by its consistency with the overall record). *See also Hoskins v. Comm'r of Soc. Sec.*, 106 F. App'x 412, 415 (6th Cir. 2004) (stating the ALJ can award greater weight to the state agency physicians than treating physicians when the agency physicians' opinions are supported by the record).

Finally, the ALJ explained the doctor's treatment plans were conservative and thus inconsistent with their diagnoses. (ECF No. 8-2 at 29).  Plaintiff is correct that fibromyalgia is "elusive" in that "unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007). As the *Rogers* Court explained, exercise and stretching are the typical treatments prescribed for fibromyalgia. *Id.*  Thus, Plaintiff's treatment was not conservative for her diagnosis as the ALJ stated and the alleged conservative treatment plan should not have been a justification to discredit her treating physicians.

Yet, as Plaintiff notes, her conservative treatment plan was only one of the reasons that the ALJ discredited her treating doctors' opinions. (ECF No. 15 at 4).  Plaintiff makes no

challenge to the other justifications including that the opinions were delivered in reference to worker's compensation, Dr. Kistler's treatment notes lacked support, Dr. Hackshaw delivered an opinion that was outside his specialization, Dr. Hackshaw's findings were inconsistent based on Plaintiff having 11 tender points, yet still having a normal gait and the opinions were in conflict with substantial evidence in the record including the OIG report.  Thus, the ALJ's decision to discredit Plaintiff's treating physicians was justified even if the treatment methods were not conservative.

Plaintiff further argues the ALJ failed to properly consider the impact of fibromyalgia on her work-related functions. (ECF No. 15 at 2). This Court finds the ALJ properly reviewed Plaintiff's claim for disability in light of her fibromyalgia.  The Sixth Circuit has recognized that "a *diagnosis* of fibromyalgia does not automatically entitle [plaintiffs] to disability benefits." *See Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) (emphasis in original). Indeed, most cases of fibromyalgia do not warrant disability benefits. *Id.* (quoting *Sarchet v. Chater*, 78 F.3d 305, 306–07 (7th Cir.1996) ("Some people may have a severe case of fibromyalgia as to be totally disabled from working … but most do not and the question is whether [Plaintiff] is one of the minority."). An ALJ can properly find that a plaintiff's fibromyalgia is a severe impairment, yet still discredit the plaintiff's claims regarding its effects. *See Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 400 (6th Cir. 2016).

This Court concludes Plaintiff has not demonstrated that the ALJ's findings lack substantial evidence or apply incorrect legal criteria regarding Plaintiff's fibromyalgia. The ALJ reviewed Plaintiff's claims under Social Security Ruling 12-2p and evaluated decades of clinical findings, medical opinions, investigative reports, and testimony in determining Plaintiff's residual functional capacity. (ECF No. 8-2 at 23). In his evaluation, the ALJ incorporated Plaintiff's limitations including fatigue, pain, and occasional decreased range of motion into his determination of Plaintiff's

7

residual functional capacity. (*Id.* at 26). The ALJ concluded that Plaintiff was capable of performing light work. (*Id.*). The Magistrate Judge noted that Plaintiff did not suggest any additional limitations that were not included in the residual functional capacity and Plaintiff's Objection still does not suggest any. (ECF No. 14 at 22). The ALJ concluded that Plaintiff, like many people who suffer from fibromyalgia, is not totally disabled from working. *See Vance*, 260 F. App'x at 806.

## IV. CONCLUSION

For the reasons set forth above, this Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:** August 24, 2020